687 F.Supp. 1368 (1988)
Craton LIDDELL, et al., Plaintiffs,
v.
The BOARD OF EDUCATION OF the CITY OF ST. LOUIS, MO., et al., Defendants.
No. 72-100C(5).
United States District Court, E.D. Missouri, E.D.
May 26, 1988.
On Motion For Clarification June 16, 1988.
*1369 William P. Russell, Joseph McDuffie, St. Louis, Mo., for Liddell, et al.
Michael A. Middleton, Columbia, Mo., William Taylor, Washington, D.C., (202/659-5565), Wayne C. Harvey, St. Louis, Mo., for Caldwell, et al.
Kenneth C. Brostron, Lashly Baer & Hamel, St. Louis, Mo., for Bd. of Educ. of the City of St. Louis, et al.
Michael J. Fields, Bart A. Matanic, Asst. Missouri Attys. Gen., Jefferson City, Mo., for State of Mo., et al.
Andrew J. Minardi, Joseph D. Ferry, St. Louis, Mo., for St. Louis County, Mo., et al.
Joseph Niemann, Eric Schmitz and Jordan B. Cherrick, St. Louis, Mo., for St. Louis County Special School Dist.
Henry D. Menghini, Robert J. Krehbiel, St. Louis, Mo., for Affton and Lindbergh School Districts.
Darold E. Crotzer, Jr., St. Louis, Mo., for Bayless, Jennings, Normandy and Wellston School Districts.
Bertram W. Tremayne, Jr., St. Louis, Mo., for Brentwood, Kirkwood and University City School Districts.
George J. Bude, St. Louis, Mo., for Clayton School Dist.
Frank Susman, St. Louis, Mo., for Ferguson-Florissant School Dist.
Robert P. Baine, Jr., St. Louis, Mo., for Hazelwood School Dist.
Robert G. McClintock, St. Louis, Mo., for Ladue School Dist.
Richard Ulrich, James Sanders, St. Louis, Mo., for Maplewood and Richmond Heights School Districts.
John Gianoulakis, St. Louis, Mo., for Mehlville, Pattonville and Ritenour School Districts.
Donald J. Stohr, James W. Erwin and R.J. Robertson, St. Louis, Mo., for Parkway School Dist.
Edward E. Murphy, Jr., Garry Selzer, St. Louis, Mo., for Riverview Gardens School Dist.
Douglas A. Copeland, Robert W. Copeland, St. Louis, Mo., for Rockwood and Webster Groves School Districts.
Kenneth V. Byrne, St. Louis, Mo., for Valley Park School Dist.
Craig M. Crenshaw, Jr., Jeremiah Glassman, U.S. Dept. of Justice, Civil Rights Div., Washington, D.C., for U.S. of America, Dept. of Justice, Civil Rights Div., Educational Opportunities Litigation Section.
James J. Wilson, City Counselor, St. Louis, Mo., for City of St. Louis, Mo.
Anthony J. Sestric, St. Louis, Mo., for Collector of Revenue for the City of St. Louis.
Charles Werner, St. Louis, Mo., for National Educ. Assn.
Charles R. Oldham, St. Louis, Mo., for Teacher's Local Union 420.
Shulamith Simon, St. Louis, Mo., (Court appointed) amicus curiae.

ORDER
LIMBAUGH, District Judge.
This matter is before the Court on Mehlville School District's Motion for Entry of Consent Order, L(1870)88. The State has filed a response, L(1942)88. Mehlville filed a reply to the State's response, L(1960)88.
Mehlville, both plaintiffs, and the City Board have reached an agreement by which Mehlville has three additional years through and including the 1990-91 school year to meet its Plan Ratio. The State objects to the three-year extension. It challenges the consent order as contrary to the terms of the Settlement Agreement and further continues the State's funding obligations in violation of the Eleventh Amendment.
The State's objections are without merit. The extension of time is solely related to Mehlville's attainment of the Plan Ratio. A consequence of the extension of time is continuing financial liability of the State. However, the consent order is not a specific funding order. Thus, the State has no right to challenge this modification of a Settlement Agreement provision agreed to by Mehlville and the plaintiff signatories. See, Liddell VII, 731 F.2d 1294, 1315 (8th *1370 Cir.1984). As to the Eleventh Amendment arguments, this position has been repeatedly rejected by the Eighth Circuit in this case. See, Liddell XIV, 839 F.2d 400, 404 (8th Cir.1988); Liddell VII, at 1308-09, n. 13.
However, after reviewing data regarding Mehlville's transfer-acceptance rate and in light of its recent approximate $8,000,000.00 capital improvement budget request, the Court believes that two years is sufficient time for Mehlville to attain its Plan Ratio. The Court understands that there are certain difficulties to overcome, but believes that with a concentrated effort by Mehlville, the City Board and the Voluntary Interdistrict Coordinating Council (VICC), Mehlville can attain its Plan Ratio in a shorter time period.
Accordingly,
IT IS HEREBY ORDERED that the Motion for Entry of Consent Order, L(1870)88 be and is GRANTED, except that the extension of time granted to Mehlville to reach its Plan Ratio is two (2) years.
IT IS FURTHER ORDERED that the State's request for a hearing is DENIED.
IT IS FINALLY ORDERED that the State's request to file a supplemental memorandum after its discovery on this matter is completed is GRANTED.

ORDER

On Motion For Clarification
This matter is before the Court on Hazelwood School District's motion for clarification regarding Order L(1947)88. L(1957)88. The State has filed a response. L(1971)88. Hazelwood filed a reply to the State's response. L(1982)88.
Hazelwood has requested clarification of Order L(1947)88 as it pertains to the establishment of a 10% excess leeway with respect to the 25% Plan Goal. Hazelwood believes that the 10% excess leeway should only be applicable to the new transfer students recruited annually. Thus, the State would continue to finance presently enrolled transfer students (i.e. "tenured" transfer students) even if the tenured students exceed the 10% error factor. The State believes that all transfer students, regardless of tenure status, should be included in the 10% error factor. Any transfer student in excess of the 10% leeway would remain enrolled in the Hazelwood School District at Hazelwood's cost.
The Court intended that the 10% leeway be applicable only to new transfer students recruited annually. The enrollment status of tenured transfer students must be protected pursuant to the Settlement Agreement. Furthermore, the county districts should not be penalized for circumstances not within their control such as an increasing resident minority student population. The 10% leeway was meant to provide both flexibility to the county districts and protection to the State with respect to the recruitment of new transfer students.
Accordingly,
IT IS HEREBY ORDERED that Hazelwood's motion for clarification be and is GRANTED.