Craton LIDDELL, et al.
v.
The BOARD OF EDUCATION OF the
CITY OF ST. LOUIS, MISSOURI,
et al.  (Three Cases)

STATE OF MISSOURI; John Ashcroft, Governor; William L. Webster, Attorney General; Wendell Bailey, Treasurer; John A. Pelzer, Commissioner of Administration; Dr. Robert Bartman, Commissioner of Education; The State Board of Education; and its Members: Roseann Bentley, Dan L. Blackwell, Thomas R. Davis, Susan D. Finke, Raymond F. McCallister, Jr., Cynthia B. Thompson, Terry A. Bond, and Roger A. Tolliver, Appellants,
v.
The MEHLVILLE BOARD OF
EDUCATION, Appellee.

STATE OF MISSOURI; John Aschroft, Governor; William L. Webster, Attorney General; William Bailey, Treasurer; John A. Pelzer, Commissioner of Administration; Dr. Robert Bartman, Commissioner of Education; The State Board of Education; and its Members: Roseann Bentley, Dan L. Blackwell, Thomas R. Davis, Susan D. Finke, Raymond F. McCallister, Jr., Cynthia B. Thompson, Terry A. Bond, and Roger A. Tolliver, Appellees,
v.
The MEHLVILLE BOARD OF
EDUCATION, Appellant.

STATE OF MISSOURI; John Ashcroft, Governor; William L. Webster, Attorney General; Wendell Bailey, Treasurer; John A. Pelzer, Commissioner of Administration; Dr. Robert Bartman, Commissioner of Education; The State Board of Education; and its Members: Roseann Bentley, Dan L. Blackwell, Thomas R. Davis, Susan D. Finke, Raymond F. McCallister, Jr., Cynthia B. Thompson, Terry A. Bond, and Roger A. Tolliver, Appellants,
v.
The ROCKWOOD BOARD OF
EDUCATION, Appellee.

Nos. 88–2035, 88–2051 and 88–2402.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 14, 1988.

Decided Feb. 16, 1989.

Robert Presson, Asst. Atty. Gen., Jefferson City, Mo., for appellants.

Michale A. Middleton, Columbia, Mo., and John Gianoulakis, St. Louis, Mo., for appellees.

Before HEANEY * and FAGG, Circuit Judges, and REASONER,** District Judge.

## PER CURIAM.

These cases raise similar issues concerning agreements that allow suburban school districts additional time to meet certain obligations under the court-approved Settlement Agreement in the St. Louis school desegregation case. After oral argument on Appeals No. 88–2035 and No. 88–2051 related to the Mehlville Board of Education (Mehlville), the State of Missouri took a similar appeal concerning the Rockwood Board of Education (Rockwood), Appeal No. 88–2402. Because of the identity of issues involved, the parties consented to the submission of the Rockwood appeal on the briefs and record without oral argument. Having elected to issue an opinion

---

* The HONORABLE GERALD W. HEANEY assumed senior status on January 1, 1989.

** The HONORABLE STEPHEN M. REASONER, United States District Judge for the Eastern District of Arkansas, sitting by designation.

in these appeals on a consolidated basis, we affirm the district court's decisions.

*Mehlville—Appeals No. 88–2035 and No. 88–2051.*

Mehlville reached an agreement with other parties in the St. Louis school desegregation case that, "subject to [c]ourt approval," allowed Mehlville three additional years to achieve its targeted percentage increase in black student enrollment (the "Plan Ratio"). Mehlville filed a motion "request[ing] the [c]ourt to approve and enter" a consent order reflecting the parties' agreement and requiring Missouri to continue to fund interdistrict student transfers during the period of the extension.

Missouri objected to the extension, claiming the continued funding obligation violated the eleventh amendment, general federal equitable principles, and article IV, section 4 of the Constitution. Missouri also contended certain procedures required by the Settlement Agreement were not followed in reaching the extension agreement, including the failure to hold a public hearing on the matter.

The district court rejected Missouri's eleventh amendment challenges and held that because "the consent order [was] not a specific funding order," *Liddell v. Board of Educ.,* 687 F.Supp. 1368, 1369 (E.D.Mo. 1988), Missouri had no standing to challenge the terms of an agreement modifying the Settlement Agreement between other parties, *id. See Liddell v. Missouri,* 731 F.2d 1294, 1315 (8th Cir.) (en banc), *cert. denied,* 469 U.S. 816, 105 S.Ct. 82, 83 L.Ed. 2d 30 (1984). After reviewing historical data related to Mehlville's student transfers, the court was also convinced "two years [was] sufficient time for Mehlville to attain its Plan Ratio." *Liddell,* 687 F.Supp. at 1370. The court thus entered the requested consent order, modifying it to allow an extension of two, rather than three, years. *Id.*

On appeal, Missouri objects to the extension, renewing the arguments it raised in the district court. Mehlville cross-appeals, contending court approval of the extension agreement was not required. Mehlville also contends that even if court approval

was required, the district court lacked authority to reduce the length of the extension agreed to by the parties. We reject each of these contentions.

■ Initially, we conclude that as part of its broad equitable powers in a court-supervised school desegregation case, the district court has authority to review, approve, and modify extensions of the Settlement Agreement previously entered into by the parties. In this instance, we find no abuse of discretion by the district court in modifying the Mehlville extension agreement.

■ We also agree with the district court that Missouri has standing to challenge the extension agreement only insofar as the agreement implicates the legality of Mehlville's funding obligations. *See Liddell,* 731 F.2d at 1315. This court has repeatedly held, however, that imposition of state funding obligations as part of a comprehensive constitutional remedy does not violate the eleventh amendment. *See, e.g., Liddell v. Board of Educ.,* 839 F.2d 400, 404 (8th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 74, 102 L.Ed.2d 50 (1988).

Missouri's other arguments challenging the authority of federal courts to order state funding of programs designed to remedy constitutional violations are similarly unpersuasive. Missouri relies heavily on *Kelley v. Metropolitan County Board of Education,* 836 F.2d 986, 997 (6th Cir. 1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 2848, 101 L.Ed.2d 885 (1988). That case, however, is inapposite. Here, Missouri has previously been held "jointly responsible for maintaining a segregated school system." *Liddell,* 731 F.2d at 1298. Under these circumstances, Missouri's contentions that it may not be required to continue funding interdistrict transfers under a court-approved extension agreement are without merit.

■ Finally, we address two additional claims raised by the parties. Missouri contends the district court should have held a hearing on the necessity for the Mehlville extension. Mehlville in its cross-appeal claims the district court did not make suffi-

cient findings to support its decision reducing the parties' agreed-to extension period.

We have carefully considered the parties' claims, and we are unwilling to reverse the district court's decision on these grounds. To the extent it appears appropriate in the future, the district court should consider allowing Missouri to be heard on matters relevant to issues then before the court. Mehlville's argument also should not go unnoticed by the district court because the statement of adequate legal and factual conclusions is critical to effective appellate review. *See White Indus., Inc. v. Cessna Aircraft Co.,* 845 F.2d 1497, 1499 (8th Cir.), *cert. denied,* — U.S. ——, 109 S.Ct. 146, 102 L.Ed.2d 118 (1988).

Accordingly, we affirm the district court's decision.

*Rockwood—Appeal No. 88–2402.*

In this case, Rockwood reached an agreement with parties in the St. Louis desegregation case similar to the one entered into by Mehlville. The agreement by its terms, however, allowed Rockwood a two-year extension to achieve its Plan Ratio under the Settlement Agreement. Rockwood sought entry of a consent order approving the extension and continuing Missouri's funding obligation. The district court approved this agreement without modification and entered a consent order to that effect. *Liddell v. Board of Educ.,* 696 F.Supp. 442, 443–44 (E.D.Mo.1988).

Missouri appeals, raising arguments challenging the extension that are basically identical to those it raises in the Mehlville case. Based on the reasons given in our discussion of the Mehlville appeals, we also affirm the district court's decision approving the two-year extension in the Rockwood case.

AFFIRMED.